Washburn, J.
Heard on motion.for new trial.
This is an action brought by the plaintiff against the defendant to recover for a loss occasioned by fire under the terms and conditions of' a certain policy issued by the defendant to the plaintiff.
. The policy, as stated therein, covered insurance as follows: “$300 on frame, shingle roofed building, occupied as Floral Hall, situated on the east side of the Wellington Agricultural Society grounds,” and said policy contained the following condition:
“This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership.;, or if the subject of insurance be a building on ground not owned by the insured in fee simple.”" •
And also the following provision:
“This policy, is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be- endorsed hereon or added hereto, and no officer, agent, or other representative of -this company shall have power to waive any provision or condition of the policy except such as by the terms of this policy may be subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under -this policy exist or be claimed by the insured unless so written or attached.”
As a defense to the action the defendant pleaded the foregoing conditions and alleged that said plaintiff was.not the unconditional and sole owner of said property; nor did it own the ground upon which said building was situated, and for that reason said policy was null and void.
*51 In reply thereto the plaintiff alleged that at the time the policy of insurance was drawn up and delivered to the plaintiff the defendant well knew and fully understood that the land on which the building in question was insured ivas not owned in fee simple by the plaintiff, but that the plaintiff was the owner of a lease of the same for ninety-nine years; that fully understanding said facts the defendant itself drew up said policy and delivered .the same to the plaintiff, and that the plaintiff in'no wise misrepresented to or concealed said facts as to the ownership of said land or the interest of the plaintiff in said land from the defendant, and claimed that the defendant was estopped from setting up the claim that the plaintiff was not the unconditional and sole owner of the land on which the building in question was situated.
Upon the trial of the case plaintiff offered evidence tending to prove that the agent of the defendant who issued the policy knew at the time it was issued that the, building in question stood upon leased land and that the plaintiff was not the owner in fee simple of such land. Objection was made to this testimony, which -objection was overruled and exception noted.
The real ground of the objection was not stated to the court at the time of the trial, and the plaintiff’s claim appearing to be a meritorious one and the defense a highly technical one, the court, in the hope that there might be found some legal ground upon which to support this action, admitted the testimony, and the jury was instructed that if the company knew of the condition of the title” at the time the policy was issued that it was estopped to claim that condition as a defense, and the jury having found for the plaintiff, the question is now before the court upon a motion for a new trial.
Since said trial the court has had an “opportunity to make an investigation of the law on the subject that could not be made during the trial, and I have come to the conclusion that under the law as it is, no successful suit can be maintained on this policy, at least without reforming the policy, and by this remark I -do not mean to intimate that there was any evidence introduced at the trial which would warrant a reformation of the policy.
.It seems that in early times in this country insurance policies were construed strictly against the insurance company -and in *52 favor of the insured, on the theory that the policy was prepared by expert attorneys employed by the company and contained many restrictions and conditions printed in fine printing and in: such a manner as not to be readily understood by the insured, and many of the decisions sustaining recoveries on policies were rendered before the policies contained the condition last above referred to in reference to the authority of the agent to waive any of the conditions or provisions of the policy unless the waiver was 'in writing indorsed upon such policy. And even after such condition was contained in the policies it was held that such restrictions upon the power of the agent could not be.' deemed to apply to those conditions which related to the inception of the contract when it appeared that the agent had delivered the contract .and received the premiums with a full knowledge of the actual situation, and it was said that to take the benefit of a contract with full knowledge of all the facts and attempt after-wards to defeat it when called upon to perform, by asserting conditions relating to those facts, would be to claim that no contract was made and thus operate as a fraud upon the insured. That was the theory that I took of this ease when it was submitted. It seemed to me that if the insurance company knew that the property insured was upon leased ground and issued a policy stating that if it was upon leased ground the policy should be void, that it thereby issued a policy which it knew at the time of its issue was void and accepted pay therefor, and that such a transaction was a fraud upon the insured and that it was the duty of the court to relieve against such fraud.
■ But the later decisions, while recognizing the rule that ambiguous language in an insurance contract is to be construed against the company, détermine that “policies of insurance should be construed, like other contracts, so as to give effect to the intention and express language of the parties” (Travelers Ins. Co. v. Myers, 62 Ohio St., 529), and it has accordingly been held that where an insured accepts a policy he is thereby assumed to know of the terms of the contract contained therein and is bound by them to the same extent as if the contract had been discussed and all of its conditions had been carefully considered and agreed upon and then reduced to writing by the *53 parties and signed by them (Union Cent. Life Ins. Co. v. Hook, 62 Ohio St., 256), and by the great weight of authority it is held that parol evidence is not admissible to show that when the contract was entered into, the agent and the insured agreed upon other and different terms than those contained in, or indorsed upon, the policy, and that the knowledge of the agent of the company of facts which rendered the policy void when issued could not be received in evidence in an action at law upon a policy for the purpose of estopping the company from asserting the invalidity of the policy on grounds which the agent knew at the time of the issuing of the policy rendered the policy void.
In an early ease in Ohio where the insured informed the agent fully of the condition of the title to his property and the agent advised him that -the transaction he fully explained to him did not amount to an incumbrance upon the property and accordingly wrote in the application that the same was owned by the insured and was not incumbered, when as a matter of fact the transaction amounted in law to an incumbrance upon the property, and while it was held in that ease that a court of chancery had power to reform the policy, it was further held that:
‘ ‘ The written application being a part of the policy, the representations therein contained amount to .a warranty, and if they are untrue the policy is void. Nor can parol testimony, in the absence of mistake on the part of the assured, and misrepresentation on the part of the insurer, be received to explain or contradict a written application; nor to say, that in fact the insurer or his agent knew the true state of facts. ’ ’
And it was said in that ease if the insured under those circumstances “had chosen to put down his property as unincumbered, when it was not of his own will, without any mistake on his part, or any inducement on the part of the company or their agent, to do so, the policy would have been void, although the company were acquainted with the true situation of the property.” Harris v. Insurance Co., 18 Ohio, 116.
In another ease it was said:
“The fourth point of controversy relates to that condition of the policy-which declares that ‘in case of any other insurance *54 upon the property, not notified to said company, and mentioned in or indorsed upon this instrument, then this policy sjiall be void and of no effect. ’ The importance of this condition, .and the necessity of complying with it on the part of the insured, were considered by this court, at great length, in a former hearing of the case; and the conclusions then arrived at, by a majority of the court, are sanctioned and confirmed by us all, and have been sustained by fresh authority. They were, that in an action on the policy no other evidence than that provided for in the contract itself could be received to show that notice of prior or subsequent insurance had been given; or to prove a waiver of the condition itself, made at the time of delivering the instrument.” Fellows v. Insurance Co., 2 Disn., 128.
In another case:
‘ ‘ If, however, the insured seeks any relief from .acts of the insurance company, or its agent, -before the delivery of the policy, and attempts to prove, by prior statement and conduct, that the contract is different from the one actually signed (in the absence of a claim of fraud vitiating the same), his acceptance of the written contract under, the circumstances should merit the usual punishment prohibiting the introduction of oral evidence to alter the terms of the policy, and the interests of all parties would be best subserved by relegating the insured to a court of equity to reform his contract and to show, by the more stringent rule to be there applied, that his claim in equity is supported by clear, convincing and satisfactory evidence, and that the signed policy is not the actual contract entered into between them. Oral agreement or statements made prior to or contemporaneously with the written policy to be available are, therefore, to be set up in an action to reform such instrument.” Kehm v. Insurance Co. 8 N. P., 542.
“In an action to recover on a written contract for life insurance and upon an alleged subsequent verbal modification of the same, statements and representations made by the agent who solicited the policy, prior to and contemporaneous with the issue of the policy, are unadmissible to vary, in any respect, the terms of the written policy. In the absence of proof of fraud or mistake, such statements and representations are merged in the written contract.” Union Cent. Life Ins. Co. v. Hook, 62 Ohio St., 256.
“When such policy contains a stipulation that ‘no agent has authority to waive or alter anything in this policy contained,’ *55 and tbe same is accepted by the insured, it is both notice to and an agreement by, the insured that an agent has no authority to waive or alter anything contained In the policy. ’ ’ Travelers Ins. Co. v. Myers, 62 Ohio St., 529.
This strict rule of excluding parol testimony to vary the.terms of a written contract is enforced in insurance cases even as to a condition subsequent, such as where the policy contains a provision that it shall be void if the personal property insured shall be thereafter moved to another location without the consent of the company in writing attached to the policy.
“A clause in a policy of fire insurance, covering personal property, to the effect, that if the subject of the insurance be or become incumbered by chattel mortgage unless otherwise provided by agreement endorsed thereon,' the policy shall be void, admits of no construction, and evidence that assured informed the agent, when the insurance was obtained, that the. property was so incumbered, is-inadmissible, as varying the terms of the original contract and such facts involve no question of waiver. ’ ’ Hammel v. Insurance Co., 4 C. C.—N. S., 380.
“Where goods insured ‘while located and contained as described herein, and not -otherwise ’ under a standard form, policy, are removed to another location without- the written consent of the company to such removal indorsed upon the policy, there can be no recovery under the policy for loss by fire sustained after such removal, notwithstanding the insured notified the agent of the company of the proposed removal and the agent said he would attend to the matter and see that the proper entries were made so that the insurance would be preserved.” Welsh & Co. v. Insurance Co., 6 C. C.—N. S., 1.
A condition in reference to the title to the property insured is on principle the same as a condition in reference to the existence of other insurance upon the property, and it has been determined by the Supreme Court of the United States in a comparatively recent ease that:
“A-1} insurance company can not be deemed to have waived a condition in a policy of fire insurance rendering it void in case other insurance had been or should be made upon the property unless by agreement indorsed thereon or attached thereto, because its agent had notice or knowledge of the existence of other insurance in another company at the tinte he delivered the *56 policy and received the premium, where such policy also provided that ‘no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of the policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions or conditions no officer, agent, or representative shall have power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any; shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so Avritten or attached.’ ” Northern Assur. Co. v. Building Assn., 183 U. S., 308.
In the case at bar it is conceded that the subject of insurance was “a building oh ground not owned by the insured in fee simple,” .and it follows that by the terms of the policy said policy was void and no recovery could be had upon said policy, and the court erred in admitting testimony tending to show that the company knew of the condition of the title at the time the policy was issued, because the only knowledge it was claimed the company had was the knowledge oh the part of the agent issuing the policy, and parol testimony of his knowledge was not admissible to vary the express terms of the policy.
The motion for a new trial will therefore be granted.